**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chester Lee Marks, | No. CV-19-01804-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Amber Nicole Dixon, *et al.*, | |
| Defendants. | |

At issue are *pro se* Plaintiff Chester Lee Marks's Complaint (Doc. 1, Compl.) and Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2). Having determined that Plaintiff does not have the means to pay the Court's fees in this case, the Court will grant the Application. However, as set forth below, upon screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court has found that the Complaint fails to state claims and demonstrate the Court's subject matter jurisdiction. The Court will therefore dismiss the Complaint.

## I. LEGAL STANDARDS

### A. 28 U.S.C. § 1915(e)(2)

For cases such as the present one in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma*

*pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

### B. Rule 8, Federal Rules of Civil Procedure

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). A dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### C. Subject Matter Jurisdiction in Federal Court

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). To proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a); Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice & Procedure* § 1206 (3d ed. 2014).

## II. ANALYSIS

In the Complaint, Plaintiff states that the Court has subject matter jurisdiction in this case under the Civil Rights Act of 1964, 42 U.S.C. §§ 554 and 2000e, "civil rights 78-civil rights 781, V and statutes 78 K 1554," 28 U.S.C. §§ 1331 and 1332, and 28 U.S.C. §§ 1441 and 1607. (Compl. ¶ 1.) The Civil Rights Act of 1964 and 42 U.S.C. § 2000e are the bases for jurisdiction over a claim of discrimination in the context of employment, and Plaintiff raises no such claim here. The other statute Plaintiff cites, 42 U.S.C. § 554, does not exist. "Civil rights 78-civil rights 781, V and statutes 78 K 1554" are not identifiable to the Court, and the Court cannot determine to what Plaintiff is referring. The removal statute, 28 U.S.C. § 1441, and the statute providing that foreign states are not entitled to immunity for counterclaims, 28 U.S.C. § 1607, also bear no relation to Plaintiff's claims in the Complaint.

That leaves 28 U.S.C. §§ 1331 and 1332 as possible bases for subject matter jurisdiction here. Diversity jurisdiction under 28 U.S.C. § 1332 arises when there is a controversy between citizens of different states. Plaintiff has not alleged that he and Defendants are citizens of different states—indeed, he alleges that all parties are citizens of Arizona—so diversity jurisdiction does not apply here.

Federal question jurisdiction under 28 U.S.C. § 1331 arises when a plaintiff alleges a claim under federal law. In the Complaint, Count One is a tort claim against Defendant Amber Dixon, which arises under Arizona state law, not federal law. (Compl. ¶¶ 32-33.) Count One thus provides no basis for jurisdiction in federal court. Counts Two, Three and Four are against an arbitrator, a state court judge, and a state clerk of court for alleged actions they took in their respective roles, and Plaintiff alleges these claims arise under the Fifth and Fourteenth Amendments to the Constitution. (Compl. ¶¶ 34-44.)

Although Plaintiff does not so state in the Complaint, such claims could only arise under 42 U.S.C. § 1983. Section 1983 provides for a private right of action against a state actor for a constitutional violation. In Count Two, Plaintiff does not allege that arbitrator John L. Stoss is a state actor, nor is such an allegation plausible when considering

Plaintiff's other allegations. As a result, Plaintiff cannot sue the arbitrator for a constitutional violation.

Plaintiff's remaining claims, Counts Three and Four, are alleged against state actors—a state court judge and clerk of court. Judges have absolute immunity from suits for damages brought based on a "judicial act," such as those acts "involved in resolving disputes between parties." *Forrester v. White*, 484 U.S. 219, 225–27 (1988). In addition to "protecting the finality of judgments" and "discouraging inappropriate collateral attacks," judicial immunity "protect[s] judicial independence by insulating judges from vexatious action prosecuted by disgruntled litigants." *Id.* at 225 (citing *Bradley v. Fished*, 80 U.S. (13 Wall.) 335, 348 (1871)). This immunity extends even to court clerks, who "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. Bankr. for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987).

Counts Three and Four challenge the rulings in Plaintiff's prior case in Arizona state court, which are "paradigmatic judicial acts." *See Forrester*, 484 U.S. at 227. Thus, absolute judicial immunity bars any claim for damages against either the judge or the clerk of court. *Id.* Although Plaintiff may be unhappy with the outcome of those proceedings, this Court is not a proper venue to challenge the correctness of those rulings. Because these Defendants enjoy absolutely immunity, Counts Three and Four cannot be cured.

As relief, Plaintiff also asks that the Court throw out rulings of the Arizona Court of Appeals. (Compl. ¶ 50.) The *Rooker-Feldman* doctrine bars this request. That doctrine derives from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). First in *Rooker* and later in *Feldman*, the Supreme Court held that federal district courts cannot review state court decisions in an appellate capacity. The Ninth Circuit Court of Appeals has held that *Rooker-Feldman* "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing *de facto* appeals from state-court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). "It is a forbidden *de facto* appeal

under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2004).

If a defective complaint can be cured, the plaintiff is entitled to amend the complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1130. Plaintiff has not and cannot state claims in Counts Two, Three and Four, so the Court dismisses those claims with prejudice. Count One is a state law claim over which this Court has no jurisdiction. Because Plaintiff's Complaint cannot be cured by amendment, the Court will dismiss this action.

IT IS THEREFORE ORDERED granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

IT IS FURTHER ORDERED dismissing Plaintiff's Complaint (Doc. 1). Counts Two, Three and Four are dismissed with prejudice, and Count One is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 22nd day of March, 2019.

Honorable John J. Tuchi
United States District Judge